**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30324 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-02025-FVS-1 |
| v. | |
| EDDIE DAVID ZAMARRIPA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Submitted August 3, 2011[**]
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and GUILFORD, District
Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Andrew J. Guilford, United States District Judge for
the Central District of California, sitting by designation.

Eddie David Zamarripa ("Zamarripa") entered a conditional guilty plea to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's denial of his motion to suppress the firearm that police officers found during an investigative stop. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo the denial of a motion to suppress, while reviewing for clear error the underlying factual findings. *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008).

The investigative stop was supported by reasonable suspicion that criminal activity may have been afoot. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968). The officers had reason to believe that Zamarripa (a) resembled a car-prowl suspect; (b) had just banged on a car and invited its occupants to fight; (c) was wearing a gang-related head covering in an area known for gang activity; and (d) had previously been associated with gang activity in the area. Considering the totality of the circumstances, these facts were enough to support an investigative stop. *See United States v. Johnson*, 581 F.3d 994, 999 (9th Cir. 2009) ("Reasonable suspicion is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person

detained is engaged in criminal activity." (citation and internal quotation marks omitted)).

The frisk was also justified. The officers were aware of Zamarripa's recent, aggressive encounter with a car and were outnumbered by Zamarripa and his companions. Moreover, the area where the stop occurred was known for gang-related violence, Officer Salinas recognized Zamarripa as having connections with a gang from a previous interaction, and Zamarripa was wearing a color claimed by the Norteño gang in Yakima. Based on these facts, the officers reasonably suspected that Zamarripa may have been armed and dangerous. *See Johnson*, 581 F.3d at 999.

**AFFIRMED.**